UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| ROBERT AND KRISTINA SHOULTS, ) | |
| ) | |
| Debtors, ) | |
| _____ ) | No. 4: 23 CV 557 RLW |
| ) | |
| ROBERT AND KRISTINA SHOULTS, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | |
| ) | |
| TRACY A. BROWN, ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the debtors' appeal from the bankruptcy court's order sustaining the trustee's objections to exemptions. The Court has jurisdiction pursuant to 28 U.S.C. § 158. The Court has carefully considered the briefs and the record as a whole. For the reasons set forth below, the decision of the bankruptcy court is affirmed.

## I. BACKGROUND

The undisputed statement of the case, taken from the debtors' statement of facts, is as follows. On December 10, 2020, Debtor-Appellants Robert and Kristina Shoults (Debtors) filed their Chapter 7 bankruptcy petition, case no. 20-45673-169. Debtors filed Amended Schedule A/B to list a pre-petition, contingent, unliquidated claim related to

allegedly defective earplugs manufactured by 3M Corporation that were issued to Robert Shoults during his time serving in the military. Debtors filed Amended Schedule C to exempt their potential claim under Missouri common law and Missouri Revised Statute section 513.427. The Chapter 7 Trustee, Tracy A. Brown, objected to the exemption. Debtors again filed Amended Schedule C, this time citing Missouri case law to support their ability to exempt contingent, unliquidated personal injury claims. The Trustee again objected. Debtors responded, citing *Rodriguez v. FDIC*, 589 U.S. ---, 140 S. Ct. 713 (2020) as overturning Eighth Circuit decisions in *In re Abdul-Rahim*, 720 F.3d 710 (8th Cir. 2013) and *In re Benn,* 491 F.3d 811 (8th Cir. 2007). The bankruptcy court heard oral argument on the matter and ordered briefing.

On March 31, 2023, the bankruptcy court issued its order sustaining the Trustee's objections and disallowing the exemption. In its order, the bankruptcy court held: (1) *In re Benn* and *In re Abdul-Rahim* are still controlling; (2) Missouri law permits attachment of unliquidated, contingent causes of action; and (3) *Rodriguez* did not overrule or abrogate *In re Benn* and *In re Abdul-Rahim*. This appeal followed. Debtors have requested oral argument, which the Court does not believe is necessary.

## II.  STANDARD OF REVIEW

On appeal, the district court reviews the bankruptcy court's legal conclusions de novo and its findings of fact for clear error. *In re Sawyers*, 2 F.4th 1133, 1137 (8th Cir. 2021).

### III.  DISCUSSION

Debtors argue the bankruptcy court erred in denying the exemption.  Specifically, they argue the bankruptcy court erred (1) in following *In re Benn,* 491 F.3d 811 (8th Cir. 2007) and *In re Abdul-Rahim,* 720 F.3d 710 (8th Cir. 2013) because they were wrongly decided; and (2) in failing to apply *Rodriguez v. FDIC*, 589 U.S. ---, 140 S. Ct. 713 (2020). The Court disagrees.

Under the provisions of the federal Bankruptcy Code, when a debtor files for bankruptcy, an estate is created.  11 U.S.C. § 541(a).  Generally speaking, this estate is comprised of all legal or equitable interests of the debtor in property.  *Id.*  The Code then allows a debtor to exempt certain property from the estate and retain it for the purpose of making a "fresh start" after the bankruptcy proceeding is concluded.  *See* 14 Collier on Bankruptcy Intro–2 (16th ed. rev. 2009).  Exempt property is excluded from property of the estate available to satisfy debts.  *Id.*

Section 522(d) of the Code sets forth a list of property that may be exempted by the Chapter 7 debtor. "The general rule under the Bankruptcy Code is that a debtor is permitted to choose between the scheme of federal exemptions prescribed in section 522(d) of the Code or the exemptions available under other federal law and the law of the state in which the debtor is domiciled." *Id.*  A state, however, may "opt out" of the federal Bankruptcy Code exemptions set forth in § 522(d).  11 U.S.C. § 522(b)(2).  In that case, the debtor may exempt only property that is exempt under federal law other than § 522(d), or state or local law that is applicable as of the date of the bankruptcy filing. *Id.*; *see Owen v. Owen*, 500

U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). Missouri is one of the majority of states in opting out of the Code's exemptions.

Section 513.427 of the Missouri Revised Statutes provides:

Every person by or against whom an order is sought for relief under Title 11, United States Code, shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than Title 11, United States Code, Section 522(d), and no such person is authorized to claim as exempt the property that is specified under Title 11, United States Code, Section 522(d).

Through enactment of this statute, which is entitled "Bankruptcy, exemptions allowed," Missouri has chosen to opt out of § 522(d)'s exemptions, "thereby restricting Missouri residents to the exemptions available under Missouri law and under federal statutes other than 11 U.S.C. § 522(d)." *Wallerstedt v. Sosne (In re Wallerstedt)*, 930 F.2d 630, 631 n. 1 (8th Cir.1991); *see also Garner v. Strauss (In re Garner)*, 952 F.2d 232, 234 (8th Cir. 1991). Several Missouri statutes other than section 513.427 set forth specific exemptions available to a debtor in bankruptcy. *See, e.g.*, Mo.Rev.Stat. §§ 513.430, 513.440, 513.475.

In *In re Benn*, the debtors, Missouri citizens, sought to exempt their state tax refund from their bankruptcy estate. They argued that in addition to serving as the state's "opt out" provision, § 513.427 also defined additional forms of property that a debtor may exempt from the bankruptcy estate. 491 F.3d at 814. The debtors focused on language in section 513.427 stating that Missouri debtors were entitled to exempt from the bankruptcy estate "any property that is exempt from attachment and execution under the law of the state of Missouri." § 513.427. The Eighth Circuit rejected the idea that section 513.427

was an exemption statute in addition to an opt-out statute, holding the meaning of the "law of the state of Missouri" was that Missouri debtors may exempt property only "where another Missouri statute specifies that certain property is exempt." *In re Benn*, 491 F.3d at 814. Under *In re Benn*, a Missouri debtor may only exempt property from the bankruptcy estate if Missouri Revised Statute § 513.430, or some other Missouri legislative pronouncement, i.e., statute, provides for exemption from bankruptcy. *Id.* *In re Benn* held that § 513.427 "simply provides that where another Missouri statute specifies that certain property is exempt from attachment and execution, then a debtor may exempt that property from the bankruptcy estate. *In re Benn,* 491 F.3d at 814.

*In re Benn* has since been interpreted by district and bankruptcy courts in Missouri to require a state statutory basis for bankruptcy exemptions. *See e.g., Dylewski v. Amco Ins. Co.*, No. 4:10-CV-289 JCH, 2010 WL 1727870, at *3 (E.D. Mo. April 29, 2010) (construing *In re Benn* in a non-bankruptcy case; holding that "an unliquidated claim based on personal injury may not properly be excluded from a bankruptcy estate"; noting that although some Missouri case law has in the past suggested that personal injury claims might be exempt from inclusion in the bankruptcy case, no Missouri statute exempts such claims); *In re Parsons*, 437 B.R. 854, 858 (Bankr. E.D. Mo. 2010) (holding that in light of *In re Benn*, "[a]ll debtors henceforth must make do with the Missouri exemptions where the Missouri Legislature has explicitly identified property that a judgment debtor can keep away from creditors, not those that were created in practice and went without objection"); *In re Mahony*, 374 B.R. 717, 719 (Bankr.W.D.Mo.2007) (*In re Benn* is very clear that

- 5 -

"unless there is a specific Missouri statute, or a federal statute other than § 522, providing an exemption in property, a Missouri debtor in bankruptcy cannot claim an exemption in it.").

Debtors also assert the bankruptcy court erred in relying on *In re Abdul-Rahim.* There debtors sought to exempt an unliquidated personal injury claim arising from an auto accident, which is substantially similar to the unliquidated personal injury claim here. *In re Abdul-Rahim* rejected the idea that § 513.427 was an exemption statute in addition to an opt-out statute, holding that the meaning of the "law of the State of Missouri" was that Missouri debtors may exempt property only "where another Missouri statute specifies that certain property is exempt." *Abdul-Rahim,* 720 F.3d at 713, citing *In re Benn,* 491 F.3d at 814. Because there were no provisions in Missouri's exemption statutes applicable to unliquidated personal injury claims, the court held the debtors did not have a basis to exempt their unliquidated personal injury claim. *In re Abdul-Rahim,* 720 F.3. at 714.

Debtors cite *Rodriguez v. FDIC,* 589 U.S. ---, 140 S. Ct. 713 (2020) in support of their argument. They argue *Rodriguez* implicitly overruled *In re Benn* and *In re Adul-Rahim. Rodríguez* is inapposite, however. *Rodriguez* addressed whether federal common law determines how tax refunds paid to a consolidated corporate group are distributed among the companies with the group. The Supreme Court concluded that it does not. The Supreme Court reversed the Tenth Circuit, holding that that the "Bob Richards" rule, a federal common law rule used by some courts to determine ownership of consolidated corporate tax refunds, was an improper judicial enactment of federal common law. Justice

Gorsuch, writing for a unanimous court, emphasized that the case provided "no rule of decision" in the case itself, and instead provided "only a cautionary tale" regarding federal courts' power to "try their hand at common lawmaking." *Id.* at 718.

Citing *Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938), that there is "no federal general common law," Justice Gorsuch stated that federal common law plays only a "modest role" in "limited areas," such as admiralty disputes and certain controversies between states, where the judicial lawmaking must be "necessary to protect uniquely federal interests." *Id.* at 717.  It stated such cases, are "few and far between," and the case at bar was not one of them. *Id.*  The  Supreme Court explained there was no need to turn to federal common law to supply a rule of decision under the circumstances presented in *Rodriguez* because state law is the traditional means of handling disputes involving corporate property rights, including in the federal bankruptcy or tax context.  The Supreme Court explained that the Bob Richards rule had improperly deviated from the longstanding rule that the determination of the property rights in the assets of a debtor's bankruptcy estate is generally resolved under state law, and that the Internal Revenue Code itself generally "creates no property rights." *Id.* at 718.  The Court noted that while how tax returns are filed with the federal government, and how tax refunds are distributed, each arguably being a compelling federal interest, there was no unique federal government interest in regulating how corporate groups distribute tax refunds amongst their members, which is a necessary initial analysis as to whether to fashion a federal common law rule.  The Court thus held that it

was inappropriate to fashion a federal common rule such as Bob Richards to resolve inter-corporate disputes of the nature then before the Court.

*Rodriguez* did not address exemptions or facts similar to those at hand.  Debtors argue that *Rodriguez* overrules or abrogates *In re Benn* on the basis of a federal common law rulemaking requirement purportedly created in *In re Benn*.  *In re Benn* relied exclusively on the language of a subject statute, 11 U.S.C. § 522,  to conclude that Missouri Revised Statute  § 513.427 did not create an exemption under federal law.  *In re Benn* did not change the purposes of 11 U.S.C. § 522 or otherwise change its interpretation.  It construed a federal statute and defined what the term "exemption" meant under that federal statute.  No federal common law rulemaking was created through the decision.

Because *In re Benn* and *In re Abdul-Rahim* did not create a new federal common law rule regarding exemptions, *Rodriquez* is therefore inapplicable.  Debtors' reliance on *Rodriguez* does not affect or overrule Eighth Circuit authority regarding what exemptions are available under Missouri law for debtors in bankruptcy.  Currently, there is no Missouri statute that provides an exemption from the bankruptcy estate for an unliquidated personal injury claim.

Based on the above, this court concludes the bankruptcy court properly sustained the Trustee's amended objection to Debtors' claim of exemption.

## IV.  CONCLUSION

For the reasons set forth above, the Court finds no error.  Therefore, the Court affirms the decision of the bankruptcy court.

Accordingly,

**IT IS HEREBY ORDERED** that the March 31, 2023 order of the bankruptcy court is **AFFIRMED.**

A separate judgment will accompany this Memorandum and Order.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of February, 2024.